## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JODY PAUL ADAMS,

        Plaintiff,

    v.

MAJOR LEAGUE BASEBALL,

        Defendant.

Civil Action No. 17-5412-BRM-LHG

**MEMORANDUM ORDER**

**THIS MATTER** is before the Court on Plaintiff Jody Paul Adams's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3.) When a plaintiff, including a non-prisoner, seeks to proceed IFP under 28 U.S.C. § 1915, he is required to submit an affidavit that sets forth his assets and attests to his inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). Permission to proceed IFP "is a privilege rather than a right," *Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3d Cir. 2013), and "[t]he decision . . . turns on whether an applicant is 'economically eligible for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). Therefore, the decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell*, 536 F.2d at 19. "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

According to the affidavit submitted in support of Adams's IFP application, Adams's total household income (including his wife's income) is $3115 per month, comprised of $1,860 from his disability payments, $455 from VA disability,[1] and $800 for his wife's disability. (ECF No. 3 at 2.) Their household expenses total $2,722 per month. (*Id.* at 4.) Neither he nor his wife are employed, nor have they been employed in the last two years. (*Id.*) Adams does not own any real estate or motor vehicles. (*Id.* at 3.)

In addition to his affidavit, Adams attached his Wells Fargo checking account statement for July 2017. (*Id.* at 6-11.) Ultimately, the line items belie Adams's claims of financial hardship. While Adams affidavit states he has $200 in his checking account, the account shows a balance of $327.37. Additionally, Adams spent a total of $110 on "FanDuel," a fantasy sports game, and $350 at the Parx Casino. (*Id.*) Other expenditures include $52.34 at a liquor store, $124.60 at Michaels (an arts and crafts retail store), $50 at a nails salon, $67.84 at a jewelry store, and $49.10 at a sports pub. (*Id.* at 7-11). There are also six separate Transaction Fees for using ATMs unauthorized by his bank, an indifference to which is not commensurate with an inability to pay filing and docketing fees.

While a person need not be destitute in order to proceed IFP, the record before the Court does not show Adams's "inability to pay the filing and docketing fees," *Taylor*, 261 F. App'x at 400, or that he would be deprived of the necessities of life by paying same, *Shahin*, 532 F. App'x at 124 (quoting *Adkins*, 335 U.S. at 339). *Cf. Taylor*, 261 F. App'x at 400 (finding the district court abused its discretion by denying an IFP application where the applicant was unemployed and the spouse supported the applicant and their six children while living below the federal poverty level).

---

[1] Adams lists this payment as "other" without specification. Based on his statement that he is "a disabled vet who makes just enough of [sic] Benefits to live," the Court presumes the payment is for VA disability. (*See* ECF No. 3 at 1.)

Furthermore, the Court has reviewed Adams's complaint, and his numerous submissions in support thereof, and is confident the complaint, as filed, would not survive the Court's required screening under 28 U.S.C. § 1915 had Adams's IFP Application been granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff proceeds IFP, the court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. While this stage has not been reached and the Court may not give an advisory opinion regarding the complaint, the Court would be remiss if it did not review Adams's complaint and his monthly submissions. (*See* ECF Nos. 1 and 5 through 18.) Having done so, the Court cautions Adams regarding certain aspects of the complaint, including the statute of limitations and the duplicative nature of this complaint with respect to *Adams v. Mercer County Community College*, Dkt. No. 17-2289, in which the complaint similarly includes allegations regarding the 1980 Oakland A's alleged desire to draft Adams and others' attempts to sabotage Adams's would-be baseball career. Notwithstanding any statute of limitations issues, the Court does not see why, if Adams wishes to proceed with his claims, the cases could not proceed as one.

Accordingly,

**IT IS** on this 28th day of February 2018,

**ORDERED** that Adams's Application to Proceed IFP (ECF No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** the Clerk is directed to **CLOSE** the file; and it is finally

**ORDERED** that Adams may submit payment in the amount of $400.00 within 14 days from the date of this order to reopen the case without further action from the Court.

*/s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**